# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2010 | **DATE** | 4/6/2011 |
| **CASE TITLE** | Davenport vs. Fabri | | |

**DOCKET ENTRY TEXT**

Because pro se Plaintiff's claims are time-barred and Plaintiff brings claims over which the Court does not have jurisdiction, the Court dismisses this lawsuit in its entirety and also denies Plaintiff's motion to proceed in forma pauperis [4]. *See* 28 U.S.C. § 1915(e)(2).

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On March 23, 2011, pro se Plaintiff Louise Davenport filed the present Complaint against certain Defendants in their individual and official capacities alleging that they violated her constitutional rights. *See* 42 U.S.C. § 1983. Plaintiff also wants this Court to review of two state court cases conducted in the Circuit Court of Cook County, Illinois, Department of Juvenile Justice and Child Protection. In addition, Plaintiff seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff's claims are time-barred and Plaintiff brings claims over which the Court does not have jurisdiction, the Court dismisses this lawsuit in its entirety and also denies Plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking money damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 829 (7th Cir. 2009). Moreover, federal courts can raise the issue of subject matter jurisdiction sua sponte at any stage of the proceedings. *See Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**ANALYSIS**

Construing pro se Plaintiff's allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Plaintiff maintains that certain individual Defendants, including a state court judge, have violated her constitutional rights starting in May 1997 through approximately November 2008. More specifically, Plaintiff's claims involve a landlord/tenant dispute, back taxes on her mother's property, an arrest for misdemeanor child endangerment, problems with the Illinois Department of Children and Family Services, an alleged real estate scam, and complaints about state court matters. Plaintiff seeks $20,000,000 in damages, plus interests and costs.

In her pro se Complaint, Plaintiff alleges that the conduct which violated her constitutional rights occurred from May 1997 until approximately November 2008. For example, she takes issue with proceedings in the Circuit Court of Cook County, Illinois, Department of Juvenile Justice and Child Protection filed in 2002 and 2006. Plaintiff, however, filed the present Complaint in federal court in March 2011 – well over the two-year limitations period for Section 1983 actions. *See Dominguez v. Hendley,* 545 F.3d 585, 588 (7th Cir. 2008) (for Section 1983 actions, federal courts sitting in Illinois borrow Illinois' two-year personal injury statute of limitations); *see also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 805 (7th Cir. 2008) (same). Therefore, Plaintiff's Complaint is untimely.

Further, Plaintiff's challenge to the state court proceedings in the Circuit Court of Cook County, Department of Juvenile Justice and Child Protection is barred by the *Rooker-Feldman* doctrine which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1056 (2006). More specifically, the Court cannot review Plaintiff's claims concerning 02 JA 1739 and 06 JA 218, as Plaintiff requests.

In addition, Plaintiff attempts to bring claims against a Defendant who is immune from lawsuits brought in federal court. Specifically, any claim against Defendant Judge Candace Fabri is barred based on Judge Fabri's judicial immunity. *See Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004) ("Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions.").

Finally, Plaintiff's money damages claims against officials at the Illinois Department of Children and Family Services in their official capacity are barred under the Eleventh Amendment to the United States Constitution. *See Indiana Protection & Advocacy Servs. v. Indiana Family & Social Serv.,* 603 F.3d 365, 370 (7th Cir. 2010) (Eleventh Amendment bars actions in federal court against state officials acting in their official capacities).

For these reasons, the Court dismisses Plaintiff's pro se Complaint and denies her motion to proceed in forma pauperis.